UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INTERIOR DEVELOPERS, INC. and HUMBERTO GARCÍA ROMER,<br><br>Plaintiff<br><br>v.<br><br>The Secretary of the Department of Labor of the United States of America, EILEEN L. CHAO,<br><br>Defendant. | Civil No. 06-1368<br><br>Re: Judicial Review, Declaratory Judgment and Injunctive Relief<br><br>RECEIVED & FILED<br>06 APR 12 AM 8:53<br>CLERK'S OFFICE<br>U.S. DISTRICT COURT<br>SAN JUAN, P.R. |

## COMPLAINT

TO THE HONORABLE COURT:

By Counsel, INTERIOR DEVELOPERS, INC. ("Interior Developers") and HUMBERTO JOSE GARCÍA ROMER, ("Mr. García") (collectively "Plaintiffs") respectfully state and pray for relief as follows:

### INTRODUCTION

This is an action for Judicial Review, Declaratory Judgment, Injunctive Relief, and attorney's fees and costs. It seeks the judicial review of the final administrative decision of defendant Eileen L. Chao, Secretary of Labor of the United States. It also seeks an order requiring the defendant to approve and grant the labor certification filed

by plaintiff Interior Developers for the benefit of plaintiff García, pursuant to 8 U.S.C. §1182(a)(14) and the implementing regulations of 20 C.F.R., Part 56.

## II  THE PARTIES

1. Plaintiff Interior Developers, Inc., is now, and at all times mentioned was, a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, with its principal offices located in San Juan, Puerto Rico. It is dedicated to interior construction for commercial locations. Interior Developers was first incorporated in the year 1993 with ten (10) employees, and expanded its staff to forty-four (44) employees by 2003. Its workforce currently stands at 68 employees.

2. Plaintiff Humberto García Romer is now, and at all times mentioned was, an alien and a national the Republic of Venezuela. He is an employee of Interior Developers, holding the position of Construction Inspector with Interior Developers under the auspices of an H-1B visa since October 29, 1999.

3. Defendant Eileen L. Chao is the appointed, qualified, and acting Secretary of Labor and head of the Department of Labor of the United States. Defendant is the official charged with granting and issuing labor certifications under 8 U.S.C. §1182(a)(5). Defendant officially maintains offices as Secretary in the District of Columbia.

4. Plaintiffs seek to compel agency action unlawfully and/or unreasonably withheld regarding the application for alien labor certification filed by Interior Developers for the benefit of Mr. García.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201; the general grant of federal question jurisdiction, 28 U.S.C. §1331 and 2201(a); and the Administrative Procedures Act, 5 U.S.C. §704.

6. Venue lies in this district by virtue of 28 U.S.C. §1391 (e). Venue is proper in this Court since the plaintiffs reside in this judicial district, and the defendant has applied her actions, practices and policies in this judicial district.

7. The relief sought is authorized by the Declaratory Judgment Act, 22 U.S.C. §2201 *et seq.* and the Administrative Procedures Act, 5 U.S.C. §701 *et seq.*

## STANDARD OF REVIEW

8. This Court's review of defendant's decisions are governed by the Administrative Procedures Act, 5 U.S.C. §706 (2)(A).

## FACTS

9. Plaintiff Interior Developers filed its application for alien employment certification, Form ETA 750 Parts A and B, to and for the benefit of Mr. García before the United States Department of Labor, Employment and Training Administration in San Juan, Puerto Rico on July 18, 2002.

10. On June 11, 2003, the United States Department of Labor Certifying Officer, Mrs. Dolores Dehaan, issued a Notice of Findings to Interior Developers indicating her intent to deny the ETA 750 application Interior Developers had filed for

the benefit of Mr. García. A copy of this Notice of Findings is attached hereto as Exhibit A.

11. According to the Notice of Findings, the Certifying Officer found, on a preliminary basis, that Interior Developers' requirements for the job offered were unduly restrictive and that its rejection of a U.S. applicant was not for lawful and job related reasons.

12. In addition, the Certifying Officer noted that her preliminary findings could be rebutted by "[s]ubmitting evidence that clearly shows that the alien, at the time of hire, had the qualifications now required. Rebuttal evidence must include an amendment to item 15 on the ETA-750B form showing where and when the alien acquired each of the required skills."

13. Plaintiff Interior Developers responded to the Notice of Findings and returned the application for alien employment certification to the Certifying Officer as directed. The documentation submitted to the U.S. Department of Labor included the following:

  a. A detailed rebuttal letter dated June 30, 2003 and signed by Erika Betancourt, Human Resources Director at Interior Developers. Said letter responded, one by one, to the specific concerns posed by the Certifying Officer in her Notice of Findings and explained in great detail the reasons why plaintiff García is the ideal - and in fact, only – qualified candidate for the job. See Exhibit B attached hereto.

4

b. A sworn statement from the alien, Mr. García dated July 15, 2003, by virtue of which he stated, inter alia, how and where he acquired each of the skills required for the job offered. Specifically, Mr. Garcia noted that he acquired the required skills as a result of his undergraduate studies. See Exhibit C attached hereto.

c. Letters from third party competitors of plaintiff Interior Developers (and industry experts) corroborating the minimum standards for the job at issue. See Exhibit D attached hereto.

14. On July 25, 2003 a final determination was issued by certifying Officer Dolores Dehaan, denying the application. See Exhibit E attached hereto.

15. On August 27, 2003, plaintiff Interior Developers filed a request to review the denial of Certification before the Board of Alien Labor Certification Appeals ("BALCA"). See Exhibit F attached hereto.

16. On January 23, 2006, BALCA issued a Decision and Order, stating that the Certifying Officer's denial of labor certification was AFFIRMED. This Decision and Order constitutes the final Decision of the U.S. Department of Labor in this matter. A true copy of the referenced decision is attached hereto as Exhibit G.

17. There is only one position for Construction Inspector at Interior Developers. This is a crucial position within the company primarily because of the need to minimize liability or exposure to lawsuits. Pursuant to the provisions of Article 1483 of the Puerto Rico Civil Code, 31 Law of P. R. Ann. § 4124, the plaintiff company may be liable for ten (10) years for construction defects.

18. Plaintiff García, who knows the company and its suppliers well, has been an effective and efficient employee. His diligent performance of the job duties assigned to him has been extremely valuable for this small company.

## APPLICABLE LAW and REGULATIONS

19. This alien labor certification arises under section 212(a)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. §1182(a)(5)(A) and the implementing regulations at 20 C.F.R., part 656.

20. Four U.S. applicants were interviewed, but three subsequently informed the company that they had taken other positions and were no longer available or willing to assume the position offered.

21. Form ETA 750 was not certified and was returned to the petitioner.

22. Section 656.21(b)(6) "provides that U.S. workers applying for a job opportunity offered to an alien may be rejected solely for lawful job-related reasons." Section 656.20(c)(8) requires that the job opportunity be clearly open to any qualified U.S. worker.

23. The only remaining applicant for the job offered, one Mr. Edgardo Pérez, did not possess the qualifications necessary for this particular position. His application was thus lawfully rejected by Interior Developers, as shown by plaintiff's rebuttal of June 30, 2003. For example, in the required interview it was clearly established that Mr. Pérez had no knowledge of suppliers and did not know how to prepare cost estimates, essential elements of the job duties assigned to this position (as shown on the face of the

ETA 750 Application and corroborated by independent third party employers in the same industry).

## THE PLAINTIFFS' CLAIMS

24. Defendant Dolores Dehaan, Certifying Officer for the United States Department of Labor, denied the labor certification based on her determinations as follows: (a) "the requirements in item 15 of the ETA 750 form were unduly restrictive;" (b) the special requirements for the job offered "have not been adequately documented as arising from business necessity;" (c) applicant Edgardo Pérez is "a qualified, able, willing and available candidate," for the job offered; (d) "based on the employer's rebuttal the alien acquired the required skills as a result of his post graduate studies Masters (sic) Degrees and his previous employment experiences;" and (e) the employer "has failed to document lawful job related reasons for rejection of the applicant."

25. The record, on balance and when considered as a whole, shows clearly that Interior Developers provided a detailed statement which rebutted, one by one, the lawful job related reasons for its rejection of applicant Pérez, who is not properly qualified to perform the minimum job duties assigned to the advertised position. The Certifying Officer erred in her final determinations to the contrary, as she ignored the ample evidence of record submitted by the employer.

26. The evidence submitted on rebuttal also shows that the special requirements in item 15 of the ETA 750 form are not unduly restrictive, that they indeed

arise from business necessity, and that plaintiff García met these requirements at the time he was first hired by Interior Developers.

27. In its Decision dated on January 23, 2006, BALCA concluded as follows: "We affirm the CO's findings (1) that the special requirements were not shown to be justified by business necessity, (2) that the U.S. applicant was unlawfully rejected, and (3) that the special requirement of demonstrated ability to use the costs estimate program was not the employer's actual minimum requirement for the job because the employer failed to prove that the Alien had this ability prior to being hired by the employer."

28. Plaintiffs respectfully submit that the afore-stated conclusions are incorrect as a matter of law, based on the objective appreciation of the relevant, material facts. The substantial evidence of record contradicts each one of these findings and justifies their judicial review by this Honorable Court.

29. Specifically, the evidence submitted on rebuttal (or in response to the Certifying Officer's initial Notice of Intent to Deny) shows that the special requirements in item 15 of the ETA 750 form are not unduly restrictive. Rather, they arise from the plaintiff employer's legitimate business necessity. Moreover, the substantial evidence of record demonstrates that applicant Perez was properly rejected for lawful job related reasons and that he (Perez) was not properly qualified, by his own admission, to perform the minimum job duties assigned to the advertised position. And, finally, the

evidence tendered indicates that plaintiff Garcia acquired the required skills as the result of his undergraduate studies, and not his graduate level studies.

30. Plaintiffs have exhausted all available administrative remedies and have no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, plaintiffs pray for a decree and judgment from this Honorable Court as follows:

1. Granting plaintiff's request for judicial review, declaring defendant's decisions on the alien labor certification here at issue were based upon an error of law, are arbitrary and capricious, and/or constitute an abuse of discretion, because they do not comport with the substantial evidence of record, and accordingly reversing the same;

2. Granting plaintiff's request for Declaratory Judgment, declaring the final Decision of the administrative agency to be arbitrary and capricious, an abuse of discretion, and/or contrary to applicable law and regulations, and therefore, to reverse the same as not based on substantial evidence in the record;

3. Ordering defendant Secretary of Labor to issue, first on a preliminary basis and then permanently, an alien employment certification in favor of plaintiff Humberto García Romer to hold the position of Construction Inspector with plaintiff Interior Developers, Inc.

4. Granting plaintiffs all other relief that may be just and proper, including *inter alia* an award of court costs and attorney's fees.

In San Juan, Puerto Rico this 11th day of April 2006.

**O'Neill & Gilmore, P.S.C.**
Counsel for plaintiffs
Citibank Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
E-mail: pdo@go-law.com
Tel 787-620-0670 / Fax 787-620-0671

_____
Patrick D. O'Neill Cheyney
USDC-PR 12 82 02