IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INTERIOR DEVELOPERS, INC.,
et al.,

    Plaintiffs,

    v.

ELAINE L. CHAO, SECRETARY OF
THE U.S. DEPARTMENT OF LABOR,

    Defendant.

CIVIL NO. 06-1368 (RLA)

## ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiffs seek judicial review of the denial of a petition for an alien labor certification by the United States Department of Labor. The certification was requested by INTERIOR DEVELOPERS, INC. ("INTERIOR DEVELOPERS") on behalf of alien HUMBERTO GARCIA-RÖMER, a prerequisite for the issuance of a permanent work immigrant visa.

Both parties have filed cross motions for summary judgment. The Court having reviewed the administrative record finds that the DOL's decision must be upheld.

### BACKGROUND

On July 18, 2002, INTERIOR DEVELOPERS, a commercial construction company established in 1993 and dedicated to the design and construction of interior spaces, filed a petition for alien labor certification on behalf of HUMBERTO GARCIA-RÖMER seeking to employ him as a Construction Inspector. According to the application, the requirements for the position were a Bachelor of Science in Civil Engineering as well as the following "special requirements":

**CIVIL NO. 06-1368 (RLA)**                                    **Page 2**

---

(a)   Demonstrated ability to use the Project Management Program (produced by Microsoft).

(b)   Demonstrated ability to use Word, Excel and Power Point.

(c)   Demonstrated ability to use program for cost estimate.

(d)   Demonstrated knowledge in concrete and steel structural design.

On June 11, 2003, the DOL's Certifying Officer ("CO") issued a Notice of Findings advising of its intent to deny the petition. Specifically, the Certifying Officer found that the aforementioned special requirements were unduly restrictive. Plaintiffs were advised that they could rebut these preliminary findings by "[s]ubmitting evidence that clearly shows that the alien, at the time of hire, had the qualifications now required. Rebuttal evidence must include... showing where and when the alien acquired each of the required skills."[1]

INTERIOR DEVELOPERS responded on July 15, 2003 submitting the following documents:

1.   A letter subscribed by ERIKA BETANCOURT, INTERIOR DEVELOPER's Human Resources Director, dated June 30, 2003, containing a detailed response to each of the Certifying Officer's specific concerns and explaining why MR. GARCIA-RÖMER was the only qualified candidate for the proffered job.

---

[1]   Admin. Record p. 72.

CIVIL NO. 06-1368 (RLA)                                          **Page 3**

---

2.   MR. GARCIA-RÖMER's sworn statement dated July 15, 2003, vouching for how, when and where he had acquired each of the special skills required for the Construction Inspection position. Specifically, the affiant noted that the required skills were learned as part of his undergraduate studies.

3.   Two letters from INTERIOR DEVELOPER's competitors, i.e., FLEX MANUFACTURING and CRUZ MOYA ELEVATOR CONSULTANTS, corroborating the minimum standards proffered in the certification application.

On July 25, 2003, the Certifying Officer issued her final determination denying the application.

On August 27, 2003, INTERIOR DEVELOPERS requested review of the denial by the Board of Alien Labor Certification Appeals ("BALCA" "BOARD").

On January 23, 2006, the Board issued its Decision and Order affirming the Certifying Officer's denial of the labor certification. This decision constitutes the final ruling of the DOL on this matter.

### STANDARD OF REVIEW

Review of a denial of an alien labor certification petition is governed by the Administrative Procedure Act ("APA") which provides that the agency's decision may be set aside if found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law". 5 U.S.C. § 706(2)(A).

CIVIL NO. 06-1368 (RLA)                                           **Page 4**

_____

"In applying the arbitrary and capricious standard of review, we are deferential to the agency's decision". <u>Commonwealth of Puerto Rico v. U.S.</u>, 490 F.3d 50, 61 (1st Cir. 2007). _See_, <u>Harrington v. Chao</u>, 372 F.3d 52, 55 (1st Cir. 2004) (review standard is "highly limited"); <u>N.L.R.B. v. Beverly Enterprises-Mass., Inc.</u>, 174 F.3d 13, 24 (1st Cir. 1999) ("highly deferential standard). "The task of a court reviewing agency action under the APA's 'arbitrary or capricious' standard is to determine whether the agency has examined the pertinent evidence, considered the relevant factors, and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made." <u>N.L.R.B. v. Beverly Enterprises-Mass., Inc.</u>, 174 F.3d 13, 23 (1st Cir. 1999) (citations, internal quotation marks, brackets and footnotes omitted).

### ALIEN LABOR CERTIFICATION

The DOL administers the permanent labor certification program whereby aliens seeking permanent employment in the United States may obtain work visas. Pursuant to § 212(a)(5)(A) (2001) of the Immigration and Nationalization Act ("INA") certification is limited to instances where "there are not sufficient workers [in the United States] who are able, willing, qualified... and available [to perform the particular labor at issue and] the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed." 8 U.S.C. § 1182(a)(5)(A)(i)(I) and (II).

As part of the permit process, the employer must advertise the job position and take active steps to recruit United States workers. 20 C.F.R. 656.21(g).[2] A written report of its unfruitful recruitment efforts must be submitted to the DOL. *See*, §§ 656.21(b) and 656.21(j)(1).

A petition may be rejected if the job offer contains restrictive job requirements which are not justified by a business necessity. The rationale behind this rule is to avoid tailor-made requirements designed to accommodate the particular qualifications of an alien to the detriment of qualified U.S. workers. Accordingly, the regulations governing the certification process provide that "unless adequately documented as arising from business necessity" the job requirements "[s]hall be those normally required for the job in the United States [and] those defined in the Dictionary of Occupational Titles". ("DOT") § 656.21(b)(2)(i).

Inasmuch as the special requirements set forth by INTERIOR DEVELOPERS in its petition, i.e., "demonstrated ability" to use certain software applications as well as "[d]emonstrated knowledge in concrete and steel structural design" do not appear in the DOT definition applicable to the position of Construction Inspector, DOT Code No. 182.267-010, it must establish business necessity for the same.

---

[2] Citations in this Opinion refer to regulations in effect through March 27, 2005. Amendments thereto, which became effective March 28, 2005, apply to labor certification applications filed on or after that date.

The standard set forth in Information Indus., Inc., 88-INA-82, 1989 WL 250355 (BALCA Feb. 9, 1989) (en banc), is used for evaluating whether the job requirements under challenge meet the business necessity exception. This standard provides that:

> [T]o establish business necessity under § 656.21(b)(2)(i), an employer must demonstrate that the job requirements bear a reasonable relationship to the occupation in the context of the employer's business and are essential to perform, in a reasonable manner, the job duties as described by the employer... An employer cannot obtain alien labor certification by showing that the job requirements merely "tend to contribute to or enhance the efficiency and quality of the business"... On the other hand, this standard is not impossible to meet. An employer has the discretion, within reason, to obtain certification for any job whose requirements are directly related to its business, and does not have to establish dire financial consequences if the job is not filled or is filled by a U.S. worker who is not fully qualified.

1989 WL 250355 at *6 (internal citation and footnote omitted).

The Board agreed with the reasoning of the Certifying Officer to the effect that inasmuch as applicants need only possess a Bachelor of Science Degree in Civil Engineering and no prior experience was required for the position, the aforementioned special requirements must have, perforce, been part of the applicants' undergraduate

curriculum. Because there was no adequate evidence in the record to substantiate these particular requirements were part of the studies leading to the mandatory university degree, it ruled that the Employer had not adequately proven business necessity for the additional requisites.

It further stated that, even "assuming arguendo that the Employer's rebuttal established that the job requirements bear a reasonable relationship to the occupation in the context of the employer's business and are essential to perform, in a reasonable manner, the job duties as described by the employer, the rebuttal fails to establish how such requirements mesh with its lack of a requirement for advanced education or work experience. We are not sure why the Employer structured its job requirements in the way it did, but since it did not require work experience or an advanced degree, we concur with the CO that the special requirements were unduly restrictive and not justified by business necessity."[3]

Plaintiffs contend that they adequately demonstrated that the additional requirements met the business necessity standard under *Information Indus.*; the documentation submitted by INTERIOR DEVELOPERS evidencing that the demanded skills were part of the B.S. degree in Civil Engineering was sufficient and that requiring additional evidence was "burdensome and unreasonable".

_____

[3]  Admin. Record p. 7.

Given the limited scope of our review we are bound to conclude that the DOL's determination was neither arbitrary nor capricious.

The Employer's attempt to prove that the use of the cost estimate program was part of the undergraduate degree studies failed. The Board's ruling that the Alien's dominion over the "costs estimate software" did not derive from his work experience with INTERIOR DEVELOPERS is proper based on the evidence available in the record. Hence, demanding this skill from U.S. employees was not reasonable. INTERIOR DEVELOPERS having failed to establish the business necessity element, rejection of an otherwise qualified U.S. applicant for lack of knowledge of the costs estimates program was improper.

The fact that there may be evidence in the record that the requirements bore a reasonable relationship to the occupation in the context of the employer's business, does not detract from the fact that INTERIOR DEVELOPERS failed at the second stage, i.e, that these requirements were essential to the performance of the duties as described in the application.

Further, the Board's rejection of the two letters from other employers regarding the requirements was not unreasonable since there is no reference to any underlying factors supporting the corroborations.

In making this ruling we are mindful of the important public interest underlying the applicable statute and regulations. "The certification process is designed to preserve jobs for qualified U.S. workers, if there are any available... The issue is whether the U.S.

**CIVIL NO. 06-1368 (RLA)**                                            **Page 9**

applicants are *qualified for the job*, not whether they are less qualified than the alien. Were the latter the case, the whole process would be meaningless." <u>Posadas de P.R. Assoc. v. Secretary of Labor</u>, 698 F.Supp. 396, 400 (D.P.R. 1988). As explicitly indicated in *Information Indus.*, it is important to note that the standard imposed therein "gives appropriate emphasis to the Act's presumption that qualified U.S. workers are available." 1989 WL 250355 at *6.

### CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Summary Judgment (docket No. **22**)[4] is **DENIED** and Defendant's Cross-Motion for Summary Judgment (docket No. **25**)[5] is **GRANTED**.

Accordingly, the DOL's decision to deny the application for an alien labor certification submitted by INTERIOR DEVELOPER on behalf of HUMBERTO GARCIA-RÖMER is hereby **AFFIRMED**.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 9th day of November, 2007.


                                    S/Raymond L. Acosta
                                    RAYMOND L. ACOSTA
                                United States District Judge

---

[4]  See, Defendant's Response (docket No. **25**) and Defendant's Surreply (docket No. **31**).

[5]  See, Plaintiffs' Opposition (docket No. **30**).